Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MUNICIPIO DE RÍO GRANDE REPRESENTADO POR SU ALCALDE, ÁNGEL B. GONZÁLEZ DAMUDT<br><br>Recurridos<br><br>v.<br><br>CONCILIO DE SALUD INTEGRAL DE LOIZA, INC., SZ DEVELOPMENT, S.E., ET AL<br><br>Peticionarios | TA2026CE00650 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso número: RG2022CV00284<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de junio de 2026.

Comparece la parte peticionaria, Concilio de Salud Integral de Loíza, Inc., mediante el recurso de epígrafe y nos solicita que revoquemos una *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Fajardo, el 11 de mayo de 2026. Mediante esta, el foro primario declaró Ha Lugar una moción instada por el Municipio de Río Grande, en la que solicitaron la entrega inmediata de una propiedad objeto de expropiación forzosa, so pena de desalojo y lanzamiento. Asimismo, en virtud del dictamen recurrido, el foro *a quo* también declaró No Ha Lugar una solicitud de desestimación instada por la parte peticionaria.

Por los fundamentos que se exponen a continuación, denegamos la expedición del auto discrecional solicitado.

**I**

El 6 de julio de 2022, el Municipio de Río Grande (Municipio o parte recurrida) instó la *Petición* de expropiación forzosa de epígrafe, en contra del Concilio de Salud Integral de Loíza, Inc.

(Concilio o parte peticionaria).[1] La propiedad objeto de la presente acción de expropiación forzosa ubica en la Urbanización Industrial Las Flores, en Río Grande. Asimismo, surge de una Certificación Registral que el Municipio incluyó con la *Petición*,[2] que el Concilio es el titular de la finca objeto de controversia, tras haberla adquirido el 3 de febrero de 2020, como resultado de una compraventa. Según alegado en la *Petición*, el negocio jurídico consta en Escritura Pública.

En igual fecha, el Municipio presentó una *Moción sobre adquisición y entrega material de la propiedad*.[3] Mediante esta, solicitó la entrega inmediata de la posesión material de la propiedad en controversia, así como la inscripción de esta a su favor, por parte del Registrador de la Propiedad.

El 7 de julio de 2022, el foro primario emitió una *Resolución*, que fue notificada el día 13 del mismo mes y año.[4] En virtud de esta, adjudicó la expropiación de la propiedad a favor de la parte recurrida. En consecuencia, ordenó la inscripción del inmueble en el Registro de la Propiedad, a favor del Municipio, libre de cargas, gravámenes, menciones y reservas.

Por su parte, el 26 de agosto de 2022, el Concilio presentó una *Contestación a petición de expropiación y reconvención*.[5] En específico, adujo que el Municipio conocía de la existencia de un interés federal que condicionaba y gravaba el uso de la propiedad. Al respecto, denunció que la parte recurrida omitió realizar gestión alguna con el Gobierno Federal para salvaguardar dicho interés y que, por el contrario, continuó sin más con el proceso de expropiación.

---

[1] Entrada núm. 1 del caso núm. RG2022CV00284 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Entrada núm. 1 del caso núm. RG2022CV00284 del SUMAC. (Exhibit D).
[3] Entrada núm. 2 del caso núm. RG2022CV00284 del SUMAC.
[4] Entrada núm. 14 del caso núm. RG2022CV00284 del SUMAC.
[5] Entrada núm. 23 del caso núm. RG2022CV00284 del SUMAC.

En igual fecha, el 26 de agosto de 2022, la parte peticionaria instó una *Urgente solicitud de desestimación por falta de jurisdicción sobre la materia e impugnación de fin público*.[6] Esencialmente, argumentó tres fundamentos por los que, a su juicio, procedía la desestimación de la *Petición* de epígrafe: 1) falta de jurisdicción sobre la materia, según establecido en el 28 U.S.C.S Sec. 2409(a)(a); entiéndase, jurisdicción exclusiva de las cortes de distrito federales; 2) que la propiedad en cuestión no está sujeta a expropiación, en virtud de la doctrina de campo ocupado; 3) la *Petición* deja de exponer una reclamación que justifique la concesión de un remedio, de conformidad con la aplicación de la doctrina del fin público previo. Por su parte, el 9 de noviembre de 2022, el Municipio presentó un escrito de oposición y, el 5 de diciembre de 2022, el Concilio replicó.[7]

Luego de varios trámites procesales, el 15 de marzo de 2023, el foro *a quo* emitió y notificó una *Resolución*.[8] En síntesis, declaró No Ha Lugar la solicitud de desestimación instada por el Concilio, basada en los fundamentos de falta de jurisdicción y campo ocupado.

En desacuerdo, el 5 de abril de 2023, el Concilio presentó el recurso de *certiorari* núm. KLCE202300360 ante este foro apelativo intermedio.[9] Por su parte, el Municipio se opuso oportunamente a dicho recurso. Tras consolidarlo con el caso núm. KLAN202300276, uno de nuestros paneles hermanos emitió una *Sentencia* el 10 de enero de 2024, la cual fue notificada el día 12 del mismo mes y año. En lo pertinente a la *Resolución* del 15 de marzo de 2023, este Foro denegó el auto discrecional solicitado.

---

[6] Entrada núm. 24 del caso núm. RG2022CV00284 del SUMAC.
[7] Entradas núm. 54 y 58 del caso núm. RG2022CV00284 del SUMAC.
[8] Entrada núm. 78 del caso núm. RG2022CV00284 del SUMAC.
[9] Entrada núm. 85 del caso núm. RG2022CV00284 del SUMAC.

Por encontrarse insatisfecho, el Concilio presentó una solicitud de reconsideración oportuna, que el Tribunal de Apelaciones declaró No Ha Lugar. Así las cosas, el 26 de febrero de 2024, el Concilio presentó un recurso de *certiorari* núm. CC-2024-0100 ante el Tribunal Supremo.

Tras considerar la petición de *certiorari*, el Alto Foro expidió el recurso y emitió una opinión mayoritaria, por voz del Juez Asociado Estrella Martínez. Esencialmente, el Tribunal Supremo concluyó que el foro primario debía resolver la cuestión jurisdiccional con preeminencia, con la presencia en el pleito de todas las partes con interés. Si bien reconoció que la titularidad de un inmueble respecto al cual el Gobierno Federal ostenta un interés recae bajo la jurisdicción exclusiva del foro federal, aclaró que, "hasta tanto no comparezca el gobierno federal, la jurisdicción del foro primario está en controversia y procede la revocación de toda decisión emitida previo a resolver tal asunto". *Municipio de Río Grande v. Concilio de Salud Integral de Loíza, Inc.*, res. 4 de abril de 2025, 2025 TSPR 36. En consecuencia, y con miras a colocarse en posición de auscultar su jurisdicción para disponer sobre la propiedad, el Alto Foro le ordenó al foro *a quo* notificar al Gobierno Federal sobre la existencia del caso de epígrafe. *Íd.*

De conformidad con los pronunciamientos esbozados en la citada opinión, la parte peticionaria incluyó en el pleito al Gobierno de los Estados Unidos de América (Gobierno Federal). Por su parte, el 29 de octubre de 2024, el Gobierno Federal compareció al pleito como parte con interés.

De este modo, el 9 de enero de 2026, el Gobierno Federal presentó un escrito titulado *Respuesta de los EE.UU. sobre interés federal.*[10] Esencialmente, mediante el referido escrito, renunció al

---

[10] Entrada núm. 124 del caso núm. RG2022CV00284 del SUMAC.

interés que ostentaba sobre el inmueble objeto del proceso de expropiación. Como resultado de lo anterior, el 14 de enero de 2026, el foro primario emitió una *Orden,* que fue notificada el día siguiente, en la que le ordenó al Registrador de la Propiedad liberar la propiedad del gravamen a favor del Gobierno Federal.[11]

Por su parte, el 5 de marzo de 2026, el Municipio presentó un escrito que tituló *Moción solicitando orden de entrega inmediata de la propiedad, so pena de desalojo y lanzamiento,*[12] mientras que, el día 9 del mismo mes y año, el Concilio presentó una solicitud de desestimación.[13] En virtud de esta última, la parte peticionaria alegó, como fundamento, la existencia de un uso público previo de supremacía mayor. Asimismo, se opuso a la solicitud de entrega inmediata de la propiedad, previamente instada por el Municipio.

Por su parte, el 13 de marzo de 2026, el foro *a quo* emitió una *Sentencia Parcial,* la cual fue notificada el día 16 del mismo mes y año.[14] Mediante esta, tomó conocimiento de la renuncia de interés por parte del Gobierno Federal, en cuanto a la propiedad objeto de la *Petición* de epígrafe y, en consecuencia, ratificó su jurisdicción sobre la materia. En consecuencia, desestimó con perjuicio la causa de acción, en cuanto al Gobierno Federal.

Así las cosas, el 24 de abril de 2026, el Municipio presentó un escrito en oposición a la solicitud de desestimación que el Concilio presentó el 9 de marzo de 2026.[15] Tras evaluar ambas posturas, el 11 de mayo de 2026, el foro primario emitió y notificó la *Resolución* recurrida.[16] Mediante esta, declaró Ha Lugar la *Moción solicitando orden de entrega inmediata de la propiedad, so pena de desalojo y lanzamiento* instada por el Municipio y No Ha Lugar la solicitud de

---

[11] Entrada núm. 127 del caso núm. RG2022CV00284 del SUMAC.
[12] Entrada núm. 128 del caso núm. RG2022CV00284 del SUMAC.
[13] Entrada núm. 129 del caso núm. RG2022CV00284 del SUMAC.
[14] Entrada núm. 133 del caso núm. RG2022CV00284 del SUMAC.
[15] Entrada núm. 140 del caso núm. RG2022CV00284 del SUMAC.
[16] Entrada núm. 144 del caso núm. RG2022CV00284 del SUMAC.

desestimación que presentó el Concilio. En cuanto a este último dictamen, el foro *a quo* razonó lo siguiente:

> [E]l cuestionamiento jurisdiccional quedó resuelto de forma definitiva el 9 de enero de 2026 cuando el gobierno federal compareció para informar su renuncia a cualquier interés sobre la propiedad en cuestión. Al no haber el interés federal, se disipó cualquier duda sobre la jurisdicción de este Tribunal, extremo que fue ratificado expresamente en la Sentencia Parcial de 13 de marzo de 2026.[17]

En desacuerdo, el 13 de mayo de 2026, el Concilio solicitó reconsideración.[18] Tras evaluar la referida moción, el foro primario la declaró No Ha Lugar, mediante una *Orden* emitida y notificada el 19 de mayo de 2026.[19]

Todavía inconforme, el 21 de mayo de 2026, la parte peticionaria acudió ante este Foro mediante el recurso de epígrafe y adujo que el foro *a quo* cometió los siguientes errores:

> Erró el TPI al concluir que el planteamiento del fin público previo de mayor supremacía había sido adjudicado con finalidad mediante la Resolución del 15 de marzo de 2023 y confirmado por el Tribunal De Apelaciones en *Sentencia* del 10 de enero de 2024, ignorando que dicha controversia nunca fue atendida en sus méritos y que el propio Tribunal Supremo, en el caso CC-2024-0100, remitió el caso al foro primario exclusivamente para resolver la cuestión jurisdiccional del interés federal, sin adjudicar la defensa sustantiva del fin público previo.
>
> Erró el TPI al declarar sin lugar la solicitud de desestimación a pesar de que la petición de expropiación deja de exponer una reclamación que justifique la concesión de un remedio por la aplicación de la doctrina del fin público previo, el cual a su vez resulta ser un uso público de mayor supremacía.
>
> En la alternativa, erró el TPI al abusar de su discreción al negarse a conceder al CSILO un término razonable de noventa (90) días para efectuar la entrega voluntaria y ordenada del inmueble, no obstante que el propio Código Municipal le confiere esas facultades al tribunal y que la solicitud era razonable y necesaria.

Ese mismo día, el Concilio presentó una *Urgente moción en auxilio de jurisdicción para que se paralice el desalojo y lanzamiento ordenado.*[20] Esencialmente, solicitó de este Foro la paralización inmediata e incondicional de cualquier acción de desalojo,

---

[17] *Resolución* recurrida, pág. 6. Entrada núm. 144 del caso núm. RG2022CV00284 del SUMAC.
[18] Entrada núm. 145 del caso núm. RG2022CV00284 del SUMAC.
[19] Entrada núm. 148 del caso núm. RG2022CV00284 del SUMAC.
[20] Entrada núm. 2 del caso núm. TA2026CE00650 del SUMAC TA.

lanzamiento o remoción de sus pertenencias, de la propiedad expropiada.

Luego de una evaluación preliminar del recurso, el 21 de mayo de 2026, emitimos y notificamos una *Resolución* en la que declaramos No Ha Lugar la solicitud de auxilio.[21] Asimismo, dispusimos que la parte recurrida tendría un término de diez (10) días para presentarnos su posición en cuanto a los méritos del recurso de epígrafe.

En cumplimiento de nuestra orden, el 1 de junio de 2026, el Municipio presentó un escrito que tituló *Oposición del Municipio de Río Grande a la expedición del auto*. En síntesis, la parte recurrida sostuvo que, en el recurso de epígrafe, la parte peticionaria no formuló argumentos ni realizó alegaciones afirmativas que justifiquen el que este Foro ejerza su discreción para interferir con el criterio del foro *a quo*.

En cuanto a los méritos del recurso, el Municipio adujo que procedería confirmar el dictamen recurrido, debido a que la parte apelante basó el alegado fin público previo de mayor supremacía en un interés federal que ya no existe. Sobre el particular, argumentó que la defensa de "fin público previo" no solo quedó descartada ante la inexistencia de un interés federal sobre la finca, sino que se trata de una doctrina inaplicable al caso de autos.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211

---

[21] Entrada núm. 3 del caso núm. TA2026CE00650 del SUMAC TA.

DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). En lo sustantivo, se le considera un recurso extraordinario, mediante el cual un foro revisor está facultado para enmendar los errores que cometió el foro revisado, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley". Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

En cuanto al aspecto procesal de este recurso extraordinario, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 codifica la revisión de los dictámenes interlocutorios del Tribunal de Primera Instancia. Sin embargo, y a pesar de que la citada regla no lo contempla, el Tribunal Supremo ha expresado que el *certiorari* también es el vehículo procesal adecuado para solicitar la revisión de resoluciones y órdenes post sentencia. Véase, *Banco Popular de Puerto Rico v. Gómez Alayón*, 213 DPR 314, 336-337 (2023); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012).

En cualquiera de estos escenarios, es aplicable la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, en la medida que esta dispone los criterios que el foro revisor debe considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). El Tribunal Supremo también ha expresado que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### III

Sin lugar a duda, el recurso de *certiorari* es el vehículo procesal adecuado para procurar la revisión de la *Resolución* recurrida. Ello, por tratarse de un dictamen emitido por el foro primario, en etapa posterior a la adjudicación de la petición de expropiación forzosa.[22] Sin embargo, luego de evaluar el recurso

---

[22] Es preciso recordar que, el 7 de julio de 2022, el foro primario emitió una *Resolución*, que fue notificada el día 13 del mismo mes y año, en la que adjudicó la *Petición* de epígrafe y concluyó que procedía la expropiación forzosa, a favor del Municipio de Río Grande.

ante nos a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra*, resolvemos no ejercer nuestra discreción revisora para variar la determinación recurrida.

En fin, luego de evaluar la *Resolución* recurrida, a la luz de los criterios de nuestra Regla 40, *supra*, no consideramos que el foro primario actuara con parcialidad, que incurriera en abuso de discreción o que emitiera un dictamen contrario a derecho. Así también, de un examen de las particularidades de este caso, tampoco surge que, de alguna manera, expedir el auto discrecional solicitado evite un fracaso a la justicia. En síntesis, en el presente caso, no concurren elementos que justifiquen nuestra intervención para intervenir a los fines de interferir con el criterio del foro *a quo*.

En virtud de lo antes mencionado, y analizado el caso de autos a la luz de la totalidad de las circunstancias, consideramos que no corresponde nuestra intervención. Por tal razón, procede denegar el auto discrecional solicitado.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del auto discrecional solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones